Ben YELLEN, M.D. and Raul Loya, on behalf of themselves and all others similarly situated, Appellants,

v.

Rogers C. B. MORTON, as Secretary of Interior et al.

No. 72-1545.

United States Court of Appeals, District of Columbia Circuit.

Argued June 1, 1973.

Decided June 18, 1973.

Anthony Z. Roisman, Washington, D. C., for appellants.

Carl Strass, Atty., Dept. of Justice, of the bar of the Supreme Court of the United States, pro hac vice by special leave of Court, with whom Kent Frizzell, Asst. Atty. Gen., and Edmund B. Clark, Atty., Dept. of Justice, were on the brief, for appellees.

Before DANAHER, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

Plaintiffs bring a class action as electric power customers of the Imperial Irrigation District. The District's rates are not subject to state regulation in California. It generates part of its power from the hydroelectric potential of the All-American Canal, which was begun in 1932 as part of the Boulder Canyon Project. In 1968 there were 6,974 individuals or corporations using water for irrigation purposes and 30,132 residential users of electricity sold by the District.

The District's power supply is obtained in part by purchases of power from the Bureau of Reclamation at the Davis and Glen Canyon Dams. By memorandum dated November 27, 1963, Kenneth Holum, Assistant Secretary of the Interior, instructed the Commissioner of the Bureau of Reclamation to insert in all contracts for the sale of power by the Bureau a provision reading:

The parties hereto agree and understand that the purpose of making low cost, federally generated power available is to encourage the most wide-

spread use thereof, and the contractor therefore agrees:

a. That the benefit of federally generated power shall be made available at fair and reasonable terms to all of its customers at the lowest possible rates consistent with sound business principles.

Plaintiffs complain that no regulations have been implemented to enforce this requirement.

Plaintiffs pray that the court require the Secretary of the Interior to comply with the provisions of the Boulder Canyon Project Act of 1928, the Reclamation Laws and the Government's power contracts with the District, and in consequence that the Secretary be directed "to immediately institute a rate making proceeding for the purpose of establishing fair and reasonable electricity rate charges by the Imperial Irrigation District to the plaintiffs pursuant to those laws and contracts."

The District Court granted summary judgment dismissing the case, stating that neither the Boulder Canyon Project Act of 1928, nor the contracts entered into between the United States and the District require the Secretary to regulate rates for the sale of electricity produced at power plants owned and operated by the District. The plaintiffs rely on section 6 of the Boulder Canyon Project Act, 43 U.S.C. § 617e.*

We need not consider whether or to what extent authority is given by the provision of section 6 that the Secretary shall prescribe and enforce regulations conforming with the requirements of the Federal Water Power Act of 1920 respecting "control of rates and service in the absence of State regulation or interstate agreement." The record does not contain any ruling or determination by the Secretary either defining or denying authority. The question is whether he has a duty to institute a rate-making proceeding. Even as to the sale of power at the Davis and Glen Canyon Dams, a separate project, where the Secretary plainly has some source of authority in contract, the Secretary had not taken any action. The District's published reports, tendered by plaintiffs, indicate power earnings that are not "shocking," as claimed in appellant's brief, but rather indicate a ratio between net power operating revenues and total power assets, that is at most slightly over 7%. Plaintiffs did not make even a threshold showing of abuse of discretion or disregard of duty.

*Affirmed.*

* The Government argues, *inter alia*, that the Canal, though begun as part of the Boulder Canyon Project, was removed therefrom by § 12 of the Boulder Canyon Project Adjustment Act passed July 19, 1940, 43 U.S.C. § 618k. Plaintiffs reply that § 12 only defines terms as used in the Adjustment Act, which is separate from the 1928 Boulder Canyon Project Act. We need not resolve this issue.